# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

| | |
|---|---|
| LAURA K. CAMPBELL, on behalf of herself and all others similarly situated, | Plaintiff |
| v. | |
| MICHAEL A. JACOB, II; JACOB LAW GROUP, PLLC; JEFFERSON CAPITAL SYSTEMS, LLC, | Defendants |

Consolidated Case No. 4:19-cv-179-JM

| | |
|---|---|
| JEANNETTE WELCH, on behalf of herself and all others similarly situated, | Plaintiff |
| v. | |
| MICHAEL A. JACOB, II; JACOB LAW GROUP, PLLC; MIDLAND FUNDING, LLC; MIDLAND CREDIT MANAGEMENT, INC. | Defendants |

Consolidated Case No. 5:19-cv-105

| | |
|---|---|
| LILLIE BROWNLEE, on behalf of herself and all others similarly situated, | Plaintiff |
| v. | |
| MICHAEL A. JACOB, II; JACOB LAW GROUP, PLLC; MIDLAND FUNDING, LLC; MIDLAND CREDIT MANAGEMENT, INC. | Defendants |

.

Consolidated Case No. 4:19-cv-208

BETTY JOHNSON, on behalf of herself and all
others similarly situated,                                                                          Plaintiff

v.

MICHAEL A. JACOB, II; JACOB LAW
GROUP, PLLC; MIDLAND FUNDING, LLC;
MIDLAND CREDIT MANAGEMENT, INC.                                              Defendants.

Consolidated Case No. 4:19-cv-267

**ORDER**

Pending is the motion to compel arbitration and to strike class allegations of Plaintiff Betty Johnson filed on behalf of Defendants Midland Funding LLC and Midland Credit Management, Inc. (collectively "Midland"). (Docket # 76). Defendants Michael A. Jacob, II and Jacob Law Group, PLLC ( collectively "JLG") have joined the motion and filed a supporting brief. (Docket # 84 and 85). Plaintiff has filed a response and Defendants have filed replies. For the reasons stated herein, the motion is GRANTED.

Plaintiff Johnson filed this action alleging that Defendants Michael A. Jacob, II, Jacob Law Group, PLLC ("JLG"), Midland Funding, LLC ("Midland Funding") and Midland Credit Management, Inc. ("MCM") attempted to collect consumer debts from her and putative class members through standardized, form debt collection complaints filed in Arkansas state courts that fraudulently and falsely averred that Midland Funding LLC "holds in due course a claim. . . pursuant to a defaulted Citibank N.A. (Citibank) credit card account." Plaintiff asserts that Midland is not a holder in due course of Citibank accounts and that this representation violates the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C §1692 et seq. and the Arkansas Fair Debt Collection Practices Act ("AFDCA"), Ark. Code Ann. §17-24-501 et seq.

On or about July 30, 2014, Plaintiff Johnson opened a Citibank Sears credit card account with an account number ending in 876 ("the Account"). In 2016, the card agreement governing Plaintiff's account was amended and a copy was mailed to her. Plaintiff made purchases using the credit card. Plaintiff failed to make the required payments on the Account and on February 6, 2017, the account was charged-off.

The Cardholder Agreement is governed by South Dakota law and contains the following arbitration provision ("the Arbitration Provision"):

**Covered Claims**

You or we may arbitrate any claim, dispute or controversy between you and us arising out of or related to your account, a previous related account or our relationship (called "Claims").

**If arbitration is chosen by any party, neither you nor we will have the right to litigate that Claim in court or have a jury trial on that Claim.**

Except as stated below, all Claims are subject to arbitration. . . . This also includes Claims made by or against anyone connected with us or you or claiming through us or you, or by someone making a claim through us or you, such as a co-applicant, authorized user, employee, agent, representative or an affiliated/parent/subsidiary company.

(ECF 76-4, p. 17).

The Arbitration Provision also contains the following language in bold and all capital letters: "PLEASE READ THIS PROVISION OF THE AGREEMENT CAREFULLY. THIS SECTION PROVIDES THAT DISPUTES MAY BE RESOLVED BY BINDING ARBITRATION. ARBITRATION REPLACES THE RIGHT TO GO TO COURT, HAVE A JURY TRIAL OR INITIATE OR PARTICIPATE IN A CLASS ACTION. IN ARBITRATION, DISPUTES ARE RESOLVED BY AN ARBITRATOR, NOT A JUDGE OR JURY.

ARBITRATION PROCEDURES ARE SIMPLER AND MORE LIMITED THAN IN COURT. THIS ARBITRATION PROVISION IS GOVERNED BY THE FEDERAL ARBITRATION ACT (FAA), AND SHALL BE INTERPRETED IN THE BROADEST WAY THE LAW WILL ALLOW." (ECF 76-4, p. 17). Plaintiff does not claim to have rejected the Arbitration Provision. However, Plaintiff argues that the 2016 Cardholder Agreement, from which the above language is quoted, is more narrowly written than the 2012 Cardholder Agreement and specifically excludes the references to claims made by predecessors, successors or assignees in the definition of claims subject to arbitration. Plaintiff contends that the omission of assignees, successors and their agents from the arbitration provision precludes those persons from enforcing the arbitration agreement.

In April 2017, Midland Funding LLC purchased the Account from Citibank as part of a portfolio of charged-off debts. Citibank sold and Midland acquired all "rights title and interest of the Bank in and to the Account." (ECF #81, p. 4). Defendants argue that the assignment of Citibank's right, title, and interest in the Account was expressly contemplated by the Cardholder Agreement which states: "**Assignment.** We may assign any or all of our rights and obligations under this Agreement to a third party." (ECF #76-4, p. 19). Defendants argue this assignment included the assignment of the right to arbitration. Defendants move to compel arbitration and to strike the class allegations. Plaintiff disputes that the right to arbitration was transferred to Midland and opposes Defendants' motion.

Section 2 of the Federal Arbitration Act (FAA) states that an agreement to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. This provision reflects a liberal federal policy favoring arbitration. *AT & T Mobility LLC v. Concepcion,* 563 U.S. 333, 339 (2011). Because "arbitration

is a matter of contract,....courts must rigorously enforce arbitration agreements according to their terms," *American Exp. Co. v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013) (internal quotations and citation omitted), including requirements to pursue claims through individual arbitration. *Epic Systems Corp. v. Lewis*, 138 S.Ct. 1612, 1621 (2018). Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24-25 (1983).

When presented with matters outside the pleadings, the Eighth Circuit Court of Appeals has concluded that a motion to compel arbitration can be properly analyzed under Rule 56 of the Federal Rules of Civil Procedure. *City of Benkelman, Nebraska v. Baseline Eng'g Corp.*, 867 F.3d 875, 881 (8th Cir. 2017). The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the party moving for summary judgment is only to demonstrate, i.e., '[to] point out to the District Court, that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339 (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted) (brackets in original)). Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

Plaintiff does not dispute that the arbitration provision is valid, she is bound to it, and her claims fall within its scope. Relying in large part on *Lamps Plus, Inc. v. Varela*, 139 S.Ct. 1407

5

(2019) Plaintiff argues that the right to enforce the arbitration provision was not assigned to Midland and neither Midland or JLG have the right to require arbitration.  In *Lamps Plus*, the Supreme Court held that the FAA bars a court order compelling class arbitration if the arbitration agreement is ambiguous about the availability of class arbitration   Emphasizing the difference between class wide arbitration and individual arbitration the Court concluded that the statute requires more than ambiguity to ensure that the parties "actually agreed to arbitrate on a classwide basis."  Lamps Plus, Inc. v. Varela, 139 S. Ct. 1407, 1415 (2019) ("Class arbitration is not only markedly different from the 'traditional individualized arbitration' contemplated by the FAA, it also undermines the most important benefits of that familiar form of arbitration. (citations omitted).  The statute therefore requires more than ambiguity to ensure that the parties actually agreed to arbitrate on a classwide basis.")  The Court does not agree, as argued by Plaintiff, that the holding in *Lamps Plus* precludes the assignment of the agreement to arbitrate in this case.

The Cardholder agreement entered between Plaintiff and Citibank specifically provided that Citibank could assign any or all of its rights under the Agreement to a third party.  Citibank sold and transferred its rights under the agreement to Midland Funding.  That included the right to arbitration.  Further, pursuant to the Forward Flow Midland Funding LLC Purchase and Sale Agreement, Citibank sold and Midland Funding bought "all right, title and interest of the Bank in and to the Account."  (ECF #81, p. 4).   Plaintiff agreed that Citibank could assign its rights in the Agreement.  Citibank did just that by assigning it rights to Midland Funding.  Accordingly, Midland Funding stands in the shoes of Citibank and both Midland Funding and MCM as its affiliate may enforce the arbitration provision of the Agreement. ("If arbitration is chosen by any party, neither you nor we will have the right to litigate that Claim in court or have a jury trial on

that Claim." (ECF #76-4, p.17). *See, Clemons v. Midland Credit Mgmt., Inc.*, 2019 WL 3336421, at *4 (D.N.J. July 25, 2019)( Finding that "Comenity sold all of its rights under the agreement to Midland [Funding, LLC]. This caused Midland to substitute for Comenity in [the arbitration] provision, with MCM [Midland Credit Management, Inc.] serving as Midland's affiliate. Thus, MCM is one of the "Parties Subject to Arbitration." The failure of the "Parties Subject to Arbitration" provision to refer expressly to assignees is not a legal bar to an otherwise valid assignment."). See also, *Lance v. Midland Credit Mgmt, Inc.*, 2019 WL 1318542, *6 (E.D. PA, Mar. 22, 2019) and *Ramirez v. Midland Funding, LLC,* 2019 WL 2568478, *6 (N.D. Ill. June 21, 2019), citing *Anderson v. Aesoph*, 697 N.W.2d 25, 33 (S.D. 2005). Because Citibank sold all of its rights under the agreement to Midland, this caused Midland to substitute for Citibank in the arbitration provision, accordingly, the omission of successors or assigns in the 2016 cardholder agreement is not a legal bar to Midland's enforcement of the arbitration provision.

JLG may compel arbitration because the Plaintiff agreed to arbitrate any claim, dispute or controversy between you and us arising out of or related to your account. . . (ECF 76-4, p.17). As stated above, Midland Funding stands in the shoes of the Citibank by virtue of the assignment of the Agreement. Midland Funding, its affiliate, MCM and JLG as an agent of Midland in the collection of the debt are all entitled to enforce the terms of the Arbitration Provision. These defendants' right to enforce the terms of the Arbitration Provision includes the right to enforce the Class Action prohibition. *See, May v. Midland Funding, LLC*, 595 B.R. 894, 903 (E.D. Ark, 2019)( enforcing a class action waiver contained in an arbitration provision, stating "[t]his court must respect the parties' valid and voluntary agreement to waive class actions. . . .")

For these reasons, Defendants' motion to compel arbitration and to strike Plaintiff's class

allegations is GRANTED, . The Court will administratively terminate Plaintiff Betty Johnson's cause of action in this consolidated case and in her individual case No. 4:19CV00267, pending the arbitration of the claims herein.

IT IS SO ORDERED this 10th day of September, 2019.

_____
James M. Moody Jr
United States District Judge